**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANDREW FULLMAN,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 21-CV-2193** |
| | : | |
| **LAUREL MEDICAL** | : | |
| **MANAGEMENT GROUP,** *et al.*, | : | |
| **Defendants.** | : | |

<u>**MEMORANDUM**</u>

**ROBRENO, J.**                                                              **JULY 19, 2021**

Plaintiff Andrew Fullman, a resident of Philadelphia who is proceeding *pro se*, filed this civil action alleging claims under 42 U.S.C. §§ 1981, 1983 and 12188 against Laurel Medical Management Group ("LMMG") and its employee Stanley R. Askin, M.D.  (ECF No. 2.) Fullman also seeks leave to proceed *in forma pauperis*.  (ECF No. 1.)  For the following reasons, the Court will grant Fullman leave to proceed *in forma pauperis* and dismiss his Complaint.

## I.      FACTUAL ALLEGATIONS

The factual allegations of the Complaint suggest that Fullman is dissatisfied with a medical report prepared by Stanley R. Askin, M.D. following an independent medical evaluation ("IME") conducted on May 13, 2019.  (ECF No. 2 at 2.)[1]  Prior to the IME, Fullman asserts that he was "misled into believing a recent court order" had directed him to undergo the IME and subsequently received a letter from the "medical provider . . . threatening and intimidating him with a <u>$550.00</u> penalty fee if he did not attend" the IME.  (*Id.* underlining in original).)

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

Fullman was examined by Askin on May 13, 2019 in connection with an unrelated personal injury lawsuit against SEPTA. (*Id.*) Fullman asserts that Askin was compensated by SEPTA to examine him and "falsify a medical report in an attempt to make it appear he was not injured" following a bus incident that had occurred on February 16, 2016. (*Id.*) Fullman asserts that Askin failed to consider his pain medications, refused to review medical records that Fullman presented to him, and made several factual misreprepresentations and omissions in the IME report concerning Fullman's work status and prior medical treatment. (*Id.* at 2-3.) Fullman avers that "Askin's medical report has numerous misrepresentations . . . and appears to be more of a legal argument to assist SEPTA rather than an independent medical evaluation." (*Id.* at 3.)

Fullman avers that the Defendants have committed fraud, and he has been denied "due process" and "equal protection" in violation of his Fifth, Sixth, and Fourteenth Amendment rights. (*Id.* at 3-4.) Fullman seeks compensatory and punitive damages in excess of $500,000 for falsification of the IME report, mental distress, and defamation of character. (*Id.* at 4.)

## II.     STANDARD OF REVIEW

The Court will grant Fullman leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Fullman is proceeding *pro*

*se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Additionally, when allowing a plaintiff to proceed *in forma pauperis* the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction.  28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III.    DISCUSSION

### A.  Claims Raised Under 42 U.S.C. § 1983

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself."  *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).  "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court

3

jurisprudence to determine whether state action exists: (1) whether the private entity has

exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the

private party has acted with the help of or in concert with state officials; and (3) whether the state

has so far insinuated itself into a position of interdependence with the acting party that it must be

recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646

(3d Cir. 2009) (internal quotations and alteration omitted).

Fullman has not alleged facts to support a plausible conclusion that either of the named

Defendants meet any of the foregoing tests; therefore, he has failed to establish that either of

them are state actors.  *See Hall v. Horizon House*, 414 F. Supp. 3d 720, 722 (E.D. Pa. 2019)

(concluding that doctor and caseworkers at community-based treatment center were not

state actors); *Talbert v. Kaplan*, Civ. A. No. 12-6533, 2013 WL 4434214, at *4 (E.D. Pa. Aug.

20, 2013) (concluding that private trauma surgeon at medical center was not a state actor for

purposes of § 1983 where he was not employed by, or under contract with, the department of

corrections or the corporate prison health care provider, and treatment began prior to

incarceration); *see also Schutt v. Melmark, Inc.*, 186 F. Supp. 3d 366, 376 (E.D. Pa. 2016)

(concluding that a residential treatment center was not a state actor despite receipt of state

funding); *Blum v. Yaretsky*, 457 U.S. 991, 1011 (1982) (rejecting argument that nursing homes

were state actors in light of "state subsidization of the operating and capital costs of the facilities,

payment of the medical expenses of more than 90% of the patients in the facilities, and the

licensing of the facilities by the State"); *Klavan v. Crozer–Chester Med. Ctr.*, 60 F.Supp.2d 436,

443 (E.D. Pa. 1999) ("[D]efendants' receipt of government funding, even if combined with

[extensive regulation], does not render defendants state actors, regardless of which test we

4

employ."). Accordingly, the named Defendants are not subject to suit under § 1983. Nor is

there any other plausible basis for a federal claim against the Defendants.

### B. Remaining Federal Claims

Fullman has failed to articulate any basis for a claim under 42 U.S.C. § 1981. Section

1981 prohibits race discrimination in the making and enforcement of contracts and the right to

sue and give evidence. *See* 42 U.S.C. §1981. To allege a plausible § 1981 claim, a plaintiff

must "belong to a racial minority" and demonstrate that the defendants had the "intent to

discriminate on the basis of race." *Bell v. City of Milwaukee*, 746 F.2d 1205, 1232 (7th Cir.

1984); *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 569 (3d Cir. 2002). Even under

the most liberal construction, nothing in Fullman's Complaint provides a basis for concluding

that the Defendants were engaged in race-based discrimination, or somehow interfered with the

making or enforcing of contracts or Fullman's right to sue and give evidence.

With respect to Fullman's citation to 42 U.S.C. § 12188, Title III of the Americans with

Disabilities Act ("ADA") "prohibits discrimination against the disabled in the full and equal

enjoyment of public accommodations" and provides parties who have experienced disability

discrimination with a private cause of action for injunctive relief. *Spector v. Norwegian Cruise

Line Ltd.*, 545 U.S. 119, 128 (2005); 42 U.S.C. § 12188 (a)(2). To succeed on a claim under this

provision of the ADA, the plaintiff must prove (1) discrimination on the basis of a disability; (2)

in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or

accommodations of any place of public accommodation; (3) by the public accommodation's

owner, lessor, or operator. *Dempsey v. Pistol Pete's Beef N Beer, LLC*, Civ. A. No. 08-5454,

2009 WL 3584597, at *3 (D.N.J. Oct. 26, 2009) (citing *Bowers v. Nat. Collegiate Athletic Ass'n*,

118 F. Supp. 2d 494, 514 (D.N.J. 2000)). Nothing in Fullman's Complaint provides a basis for

concluding that the Defendants discriminated against him on account of a disability or restricted his ability to participate in the full and equal enjoyment of public accommodations.

Accordingly, Fullman has not presented any plausible basis for a claim pursuant to 42 U.S.C. § 12188.[2]

### C. State Law Claims

Fullman appears to be raising state law claims such as fraud and misrepresentation against the named Defendants. Because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a

---

[2] Even if Fullman had presented factual allegations to support such a claim, he likely would not have been able to establish standing to seek injunctive relief under Title III of the ADA. "To satisfy the 'case or controversy' standing requirement under Article III, § 2 of the United States Constitution, a plaintiff must establish that it has suffered a cognizable injury that is causally related to the alleged conduct of the defendant and is redressable by judicial action." *Pennsylvania Psychiatric Soc. v. Green Spring Health Servs., Inc.*, 280 F.3d 278, 283 (3d Cir. 2002) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)); *Doe v. Nat'l Bd. of Med. Examiners*, 199 F.3d 146, 152 (3d Cir. 1999). As only prospective injunctive relief is available in a private action under Title III of the ADA, *see Clark v. Burger King Corp.*, 255 F. Supp. 2d 334, 341 n.8 (D.N.J. 2003) (citing 42 U.S.C. § 12188), a Title III plaintiff "must show that he or she is likely to suffer *future* injury from the defendant's illegal conduct." *Doe v. Nat'l Bd. of Med. Examiners*, 210 F. App'x 157, 159-60 (3d Cir. 2006) (citing *Roe v. Operation Rescue*, 919 F.2d 857, 864 (3d Cir. 1990)). In determining whether a plaintiff has standing under Title III, courts focus on "the likelihood of the plaintiff's return to the place of public accommodation." *Wittmann v. Island Hosp. Mgmt.*, Civ. No. 09-3698, 2011 WL 689613, at *5 (D.N.J. Feb. 18, 2011); *see also Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008.)

    Fullman visited Askin for an IME on one occasion related to a personal injury lawsuit, and nothing in the Complaint indicates that Fullman has future plans or requirements to visit. Given the nature of the IME process, and Fullman's allegations concerning his dissatisfaction, it is unlikely that he would voluntarily wish to return. Accordingly, the Complaint does not establish that Fullman has standing to pursue injunctive relief. *See generally Disabled in Action of Metro. New York v. Trump Int'l Hotel & Tower*, Civ. A. No. 01-5518, 2003 WL 1751785, at *7 (S.D.N.Y. Apr. 2, 2003) ("Courts considering ADA claims have found that disabled plaintiffs who had encountered barriers at restaurants, stores, hotels, or stadiums prior to filing their complaints have standing to bring claims for injunctive relief if they show a plausible intention or desire to return to the place but for the barriers to access.") (collecting cases).

district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011)  A corporation is a citizen of the state in which it was incorporated as well as where it has its principal place of business.  *See* U.S.C. § 1332(c)(1).  "[T]he citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members." *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 420.  "The burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

Fullman does not allege the citizenship of the parties.  Rather, he provides only Pennsylvania addresses for himself and Askin, which suggests that he and Askin may be non-diverse Pennsylvania citizens.  With respect to LMMG, Fullman merely asserts that it is a medical referral facility with an address in Florida.  Because Fullman's allegations do not explicitly reveal the Defendants' citizenship for purposes of plausibly establishing diversity of citizenship, he has failed to meet his burden of demonstrating that this Court has subject matter jurisdiction over any state law tort claims he may be raising.  *See Lincoln Ben. Life Co.*, 800 F.3d

at 105 (citing *DaimlerChrysler Corp.*, 547 U.S. at 342 n.3); *Smith v. Albert Einstein Med. Ctr.*, Civ. A. No. 08-5689, 2009 WL 1674715, *4 (E.D. Pa. June 11, 2009) ("Diversity jurisdiction requires complete diversity between the parties. . . . [N]o single Plaintiff may be a citizen of the same state as any single Defendant.") (citations omitted).  Accordingly, the Court will dismiss the Complaint on that basis.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Fullman's federal claims for failure to state a claim and his state law claims for lack of subject matter jurisdiction.  Fullman is granted leave to file an amended complaint or to stand on his original Complaint.  An appropriate Order follows.

**BY THE COURT:**

*Eduardo C. Robreno*

**EDUARDO C. ROBRENO, J.**